# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

## THOMAS B. KENNEY v. LOUISA D. WALLACE.

*Conveyance of land to a railroad — when an absolute title thereto to is conveyed — the habendum clause of a deed when repugnant to the grant, is void.*

ACTION submitted upon a case agreed on by the parties under section 1239 of the Code of Civil Procedure, to determine the rights of the parties in and to a certain strip of land in Ellisburgh, Jefferson county.

On the 15th day of November, 1850, Wyman Clark, then being the owner in fee of a parcel of land embracing the premises in question, in conjunction with his wife, conveyed the same by deed to the Sacketts Harbor and Ellisburgh Railroad Company.

The deed, by its terms, purported to "grant, release, quit-claim and convey" to the railroad company the premises described, containing about four five hundred and thirty one thousandths of an acre, "to have and to hold the said premises unto the said company and their assigns forever, for the uses and purposes of the said company;" and the said deed contained a covenant that the grantors, at the time of the execution of the deed, had a full and perfect title to the premises in fee, free from all incumbrances, and a full right to grant and convey the same. The railroad company went into possession under the deed of Wyman Clark and wife, and so continued and remained until about the 20th of January, 1859, when its lands, stock, etc., including the premises in question, were sold on the foreclosure of a first mortgage, made by the said railroad company, by a referee appointed by the court in the foreclosure case to make the sale, and conveyed by the said referee to one John McKesson, from whom the plaintiff derived title thereto.

For some time before 1876, Clark had assumed to control and occupy the land, but April 1, 1876, he and his wife executed a deed thereof to the defendant, who then went into possession of the strip, and has since then assumed to occupy and control it.

The defendant claimed that the deed from Wyman Clark and wife to the Sackett's Harbor and Ellisburgh Railroad Company, did not convey an absolute title, but only such an interest as would allow such company and its successors or assigns, to own and control the same so long as they used it for railroad purposes. That when they ceased to use it for such purposes, it reverted to the said Wyman Clark and his heirs; and that said defendant was the owner by virtue of the conveyance from Wyman Clark and wife to her in April, 1876.

The court at General Term said: " This presents the question which was for a considerable time much mooted in the courts of several of the States, as to what is the effect of a conveyance in fee of lands to a railroad company; whether by such a conveyance the railroad company only takes an easement in the land, subject to reversion to the grantor or his heirs when the land shall cease to be used for the purposes of the railroad company, or whether the latter may lawfully grant and convey the land in fee to any subsequent purchaser.

It seems to be now well settled that such a conveyance passes the entire fee of the land to the railroad company, and that it may convey to a subsequent purchaser the entire and absolute fee, discharged of any right of reverter in the grantor or his heirs. (*Nicoll* v. *The N. Y. and Erie R. Co.*, 12 Barb., 460.) Affirmed in same case on appeal. (12 N. Y., 121; *Page* v. *Heineberg*, 40 Vt., 81; and see also *People and Health Comrs. of N. Y.* v. *Mauran*, 5 Denio, 398, 401; *Heath* v. *Barmore*, 50 N. Y., 302.)

In the case cited from 5 Denio, it was held that when a corporation had taken the title in fee, that such title was not impaired by the dissolution of the corporation, and in the case in 40 Vermont, it was held that the land did not revert on its abandonment by the railroad company.

We must hold, therefore, that the plaintiff is the owner of the four five hundred and thirty one thousandths acres of land in controversy and entitled to recover the same. The language

of the _habendum_ clause seems to be somewhat relied on to determine the interest granted by the deed of Wyman Clark and wife to the railroad company, and to restrict and lessen the estate purporting to be conveyed by the granting part of the deed. Though this was originally, perhaps, used to determine the interest granted, yet it cannot have that effect now, and has degenerated into a mere useless form; it is _void_ if it be repugnant to the estate granted. (4 Kent's Com., 468; _Faquarson_ v. _Eichelberger_, 15 Md., 63; _Tyler_ v. _Moore_, 42 Penn. St., 374, 387.)

Judgment is ordered that the plaintiff do recover of the defendant the four five hundred and thirty one thousandths acres of land mentioned and described in the case submitted, in fee simple, together with such costs as are allowed by law in such cases.

_H. Clay Hawes_, for the plaintiff.

_Louisa D. Wallace_, defendant, in person.

Opinion by TALCOTT, P. J.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment ordered for the plaintiff, with costs.